# Exhibit A

*corr*

SUM-100

# SUMMONS
## *(CITATION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>GE Capital, and DOES 1-50, inclusive.<br><br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>LORI LYTLE, an individual. | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>VENTURA<br>SUPERIOR COURT<br>**FILED**<br><br>APR 1 0 2014<br><br>MICHAEL D. PLANET<br>Executive Officer and Clerk<br>BY: _____ M. MIJARES Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Superior Court of California<br>COUNTY of VENTURA, MAIN BRANCH<br>800 SOUTH VICTORIA, VENTURA, CA 93009 | CASE NUMBER:<br>56-2014-00451366-CU-PO-VTA |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Andre Verdun (SBN 265436), 401 W. "A" Street, Suite 925, San Diego, CA 92101; (619) 238-5700

| DATE:<br>*(Fecha)* APR 1 0 2014 | Michael D. Planet | Clerk, by<br>*(Secretario)* _____ | , Deputy<br>*(Adjunto)* M. MIJARES |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):*

   under: ☑ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1 | Andre L. Verdun (SBN 265436)
2 | William Jarrell (SBN 290271)
  | Attorneys at Law
3 | **CROWLEY LAW GROUP**
  | 401 West "A" Street, Ste. 925
  | San Diego, CA 92101
5 | Tel. (619) 238-5700
  | Fax. (866) 786-6993
6 | AndreVerdun@CrowleyLawGroup.com
7 | WillJarrell@CrowleyLawGroup.com

Attorneys for Plaintiff
LORI LYTLE

VENTURA
SUPERIOR COURT
FILED

APR 1 0 2014

MICHAEL D. PLANET
Executive Officer and Clerk
BY: ———— M. MIJARES ————, Deputy

## SUPERIOR COURT OF CALIFORNIA,

## COUNTY OF VENTURA

LORI LTYLE, an individual,

     Plaintiff,

     vs.

GE CAPITAL, and DOES 1-50, inclusive,

     Defendants.

56-2014-00451366-CU-PO-VTA

(Unlimited Civil Case)

**COMPLAINT FOR DAMAGES**

**DEMAND FOR A JURY TRIAL**

## INTRODUCTION

1.   GE CAPITAL ("Defendant") illegally and knowingly called LORI LYTLE ("Plaintiff"), a consumer, on several occasions attempting to collect an alleged debt which Ms. LYTLE informed GE CAPITAL she could not pay and requested that GE CAPITAL cease calling.

2.   All incoming telephone calls from GE CAPITAL to Ms. LYTLE after Ms. LYTLE told GE CAPITAL she could not pay the alleged debt and to cease calling constitute violations of the California Rosenthal Act and the federal Fair Debt Collections Practices

-1-

COMPLAINT FOR DAMAGES

1   Act (incorporated into the Rosenthal Act under California Civil Code § 1788.17).

2   3.      GE CAPITAL is the financial services unit of the American conglomerate General

3   Electric and it provides commercial lending and leasing.  GE CAPITAL focuses primarily

5   on loans and leases which GE CAPITAL itself underwrites.

6   4.      The California legislature has determined that the banking and credit system and

7   grantors of credit to consumers are dependent upon the collection of just and owing

8   debts and that unfair or deceptive collection practices undermine the public confidence

9   that is essential to the continued functioning of the banking and credit system and

10  sound extensions of credit to consumers. The Legislature has further determined

11  that there is a need to ensure that debt collectors exercise this responsibility with

12  fairness, honesty and due regard for the debtor's rights and that debt collectors must

13  be prohibited from engaging in unfair or deceptive acts or practices in the collection of

14  consumer debts.[1]

15                                          **PARTIES**

16  5.      Plaintiff, LORI LYTLE is, and at all times herein mentioned was, a natural

17  person who resides in the County of Ventura, State of California, in the United States

18  of America. She is a "person" as defined by and protected under California Civil Code §

19  1788.2(g).

20  6.      Defendant, GE CAPITAL is, and at all times herein mentioned is, on information

21  and belief, a corporation which lawfully conducts business in the State of California.

22  Defendant is a debt collector as defined by California Civil Code § 1788.2(c).

23  7.      The true names and capacities, whether individual, corporate, associate, or

24  otherwise, of defendants DOES 1-50 inclusive, are unknown to plaintiff who, therefore,

25  sues said defendants by such fictitious names. Plaintiff will amend this complaint to

26  show their true names and capacities when ascertained. Plaintiff is informed and

27  believes, and thereon alleges, that each of said defendants is responsible in some

28

[1] Cal. Civ. Code 1788.1(a)-(b)

1   manner for the events and happenings, and proximately caused the injuries and
2   damages, hereinafter alleged.

3                                    **JURISDICTION**

5   8.      The Superior Court of the State of California has jurisdiction over this action
6   pursuant to California Constitution Article VI, Section 10, which grants the Superior
7   Court "original jurisdiction in all cases except those given by statute to other trial courts."
8   9.      This Court has jurisdiction over this action pursuant to Code of Civil Procedure §
9   410.10.
10  10.     Pursuant to California Code of Civil Procedure, § 410.10 this Court has
11  jurisdiction over Defendant because Defendant is an entity having sufficient minimum
12  contacts with the state of California so as to render the exercise of jurisdiction over the
13  defendant by the California courts consistent with traditional notions of fair play and
14  substantial justice.

15                                      **VENUE**

16  11.     Venue is proper in the Ventura County Superior Court pursuant to California
17  Code of Civil Procedure § 395.5 because one or more of the violations in the Complaint,
18  as herein alleged against the Defendant, emanated from Ventura, California.

19                             **FACTUAL ALLEGATIONS**

20  12.     Plaintiff is alleged to formally owe a debt to Defendant.

21  13.     On or about March 17, 2013, Defendant contacted Plaintiff by telephone in an
22  attempt to collect the alleged debt owed by Plaintiff to Defendant.  During this contact,
23  Plaintiff stated to Defendant that she did not have the money to pay the alleged debt.
24  Plaintiff further instructed Defendant twice to stop calling.

25  14.     During the phone contact between Plaintiff and Defendant on or about March 17,
26  2013, after Plaintiff told Defendant she could not pay the alleged debt and instructed
27  Defendant to stop calling her, Defendant's agent urged Plaintiff to make a payment
28  using a post-dated check.

15.     During the phone contact between Plaintiff and Defendant on or about March 17, 2013, after Plaintiff told Defendant she could not pay the alleged debt and instructed Defendant to stop calling her, Defendant's agent urged Plaintiff to make an immediate payment.

16.     On or about March 25, 2014, Defendant contacted Plaintiff by telephone to again collect the alleged debt.

17.     During the phone contact between Plaintiff and Defendant on or about March 25, 2013, Plaintiff again informed Defendant that she could not pay the alleged debt and told Defendant to stop calling.  Defendant's agent stated to Plaintiff that the outgoing phone calls from Defendant to Plaintiff were "on automatic" and Defendant's agent could "not control the calls."

18.     On or about April 13, 2013, Defendant contacted Plaintiff by phone to collect the alleged debt.

19.     Plaintiff alleges on information and belief that Defendants, jointly, made perhaps as many as 100 phone calls to Plaintiff after the time she demanded the calls to end. Many of those telephone calls were placed to her cellular phone using an automated dialing system.

20.     Plaintiff is a "disabled" as that term is defined by California Civil Code § 1761. Defendants were aware Plaintiff was "disabled" and receiving social security benefits. As such, Plaintiff is entitled to treble damages pursuant to Cal. Civ. Code § 3345.

### FIRST CAUSE OF ACTION

*(California Civil Code § 1788)*

21.     Plaintiff reaffirms and re-alleges all paragraphs above herein as if specifically set forth more fully herein below.

22.     Defendant is included in the class of entities whose debt collection activities are regulated under California Civil Code § 1788 et seq. as defined by California Civil Code § 1788.2(c).

-4-

COMPLAINT FOR DAMAGES

23.   Plaintiff is a "person" as defined by California Civil Code § 1788.2(g).

24.   Plaintiff is a "debtor" as defined by California Civil Code § 1788.2(h).

25.   This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer transaction. As such, this action arises out of a "consumer debt" as those terms are defined by California Civil Code § 1788.2(f).

26.   Defendant's acts and omissions violated California Civil Code § 1788 et seq., the Rosenthal Fair Debt Collection Practices Act, including, but not limited to the below activity:

   a.  Defendant violated California Civil Code § 1788.1(d) by calling Plaintiff repeatedly and continuously.

   b.  Defendant violated California Civil Code § 1788.11(e) by communicating by telephone with Plaintiff in such frequency as to be unreasonable and to constitute harassment to the Plaintiff under the circumstances.

   c.  Defendant violated California Civil Code § 1788.17 by engaging in conduct the natural consequence which is to abuse or harass (including causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number); using unfair or unconscionable practices in an attempt to collect a debt.

27.   Plaintiff suffered actual damages and emotional distress as describe above.

28.   Plaintiff is entitled to statutory damages, actual damages, attorney fees, and cost of suit.

## SECOND CAUSE OF ACTION

(Intrusion on Seclusion)

-5-

29.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

30.     The foregoing acts of Defendants as described herein constitute an invasion of the Plaintiff's privacy and an intrusion upon her right of seclusion.

31.     Plaintiff has a common law right to, and a reasonable expectation of, privacy in her home and place of employment, and in regard to her private affairs.

32.     Defendants' abusive and improper collection practices in the collection of this debt constituted a substantial invasion upon Plaintiff's seclusion and privacy, and would be highly offensive to a reasonable person.

33.     Defendants intended to cause emotional distress, and/or engaged in reckless disregard of the probability of causing Plaintiff's emotional distress.

34.     As a proximate result of Defendants' conduct, Plaintiff has suffered damages in an amount to be determined by proof and a finder of fact at trial.

35.     Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

### THIRD CAUSE OF ACTION

(Negligence)

36.     Plaintiff repeats, re-alleges, and incorporates by reference all of the paragraphs above as though fully stated herein.

37.     Defendants' outrageous, abusive and intrusive acts as described herein constituted negligent infliction of emotional distress.

38.     Plaintiff suffered (1) serious emotional distress, (2) actually and proximately caused by (3) wrongful conduct (4) by a defendant who should have foreseen that the conduct would cause such distress.

39.     Defendants' conduct as described herein was wrongful conduct in that the Defendants conducted their business in an abusive, oppressive, and harassing manner.

40.     Defendants' actions and omissions as described herein constitute negligence in that Defendants owed Plaintiff a duty of reasonable care in the collection of the alleged debt, the use of the telephone in an attempt to collect such debts, said duties were breached, and said breach was the proximate and actual cause of damages suffered by Plaintiff.

41.     Defendants owed a duty to refrain from outrageous and unlawful telephone calls in connection with their attempts to collect a debt.

42.     Defendants' actions and omissions demonstrate a conscious disregard of the rights or safety of others, and constitute despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregards of her rights.

43.     Plaintiff suffered damages due to Defendants' actions in an amount to be determined at trial.

44.     Plaintiff is entitled to punitive damages for the actions and omissions of the Defendants as described herein.

## FOURTH CAUSE OF ACTION

(Telephone Consumer Protection Act)

45.     Plaintiff repeats, re-alleges and incorporates by reference all other paragraphs.

46.     At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 153(32).

47.     At all times relevant to this complaint, the Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. § 153(14) that originated, routed, and/or terminated telecommunications.

48.     The Defendant at all times relevant to the complaint herein engages in "telecommunications" as defined by the TCPA 47 U.S.C § 153(43).

49.     The Defendant at all times relevant to the complaint herein engages in "interstate" communications" by the TCPA 47 U.S.C. § 153(22).

-7-

1   50.    At all times relevant to this complaint, the Cross-Defendant has used, controlled,
2   and/or operated "wire communications" as defined by the TCPA 47 U.S.C. § 153(52),
3   that existed as instrumentalities of interstate and intrastate commerce.

5   51.    At all times relevant to this complaint, the Cross-Defendant has used, controlled,
6   and/or operated "automatic telephone dialing systems" as defined by the TCPA 47
7   U.S.C. § 227(a)(1) and 47 C.F.R. § 64.1200 (f) (1).

8   52.    Defendants violated the Telephone Consumer Protection Act ("TCPA") 47 U.S.C.
9   § 227(b)(1)(A), by using an automatic telephone dialing system to telephone a cellular
10  phone, without Plaintiff's consent.

11  53.    Defendants' violations were willful and knowing.

12  54.    As a result of these violations of the TCPA, Defendants are liable to Plaintiff for
13  statutory damages, including treble damages.

14  55.    Defendants engaged in willful and knowing violations of the TCPA 47 U.S.C. §
15  227(b)(1)(A).

16  56.    Defendants used an automated dialing system and pre-recorded messages to
17  telephone Plaintiff's cellular telephone, without her consent.

18  57.    Defendants' acts were willful, intentional and knowing.

19  58.    Defendants acted with oppression, fraud, and/or malice, thereby entitling Plaintiff
20  to punitive damages in an amount according to proof and a finder of fact at trial.

21  59.    Plaintiff is entitled to recover actual and punitive damages.

22                                    **PRAYER FOR RELIEF**

23  **WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

24       A. Statutory and actual damages pursuant to California Civil Code § 1788.17 and
25          1788.30.

26       B. Costs and reasonable attorney's fees pursuant to Califorina Civil Code §§
27          1788.17 and 1788.30.

28       C.     Actual and punitive damages.

1    D.       Treble damages under California Civil Code § 3345.

2    E.       Award statutory damages in the amount of $500.00 for each

3         violation of the TCPA against all of the Defendants, and/or treble damages

5         for each willful or knowing violation of the TCPA pursuant to 47 U.S.C. §

6         227(b)(3)(B).

7    F.   For such other and further relief as may just and proper.

9 Dated: **April 9, 2014**

11 Andre Verdun,
12 Attorney for Plaintiff
      LORI LYTLE

15                 **DEMAND FOR JURY TRIAL**

16      **NOW COMES** Plaintiff, LORI LYTLE, by and through her attorney, Andre L.

17 Verdun and hereby demands a trial by jury in the above-captioned matter.

19 Dated: **April 9, 2014**

21 Andre Verdun,
22 Attorney for Plaintiff
23 LORI LTYLE

COMPLAINT FOR DAMAGES